UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS V. HUDSON,

        Petitioner,

Case No. 2:20-cv-11987

HONORABLE STEPHEN J. MURPHY, III

v.

MINDY BRAMAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION
TO HOLD CASE IN ABEYANCE [3] AND TRANSFERRING CASE
TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Nicholas V. Hudson filed an application for the writ of habeas corpus through counsel on July 24, 2020. ECF 1. The application challenged his Wayne County, Michigan convictions for first-degree murder in violation of Mich. Comp. Laws § 750.316 and possession of a firearm during the commission of a felony ("felony firearm") in violation of Mich. Comp. Laws § 750.227b. *Id.* at 2. Before the Court could address the habeas petition, Hudson filed a motion to hold the petition in abeyance. ECF 3. But the Court has determined that the habeas petition is a second or successive petition and accordingly will transfer the case to the Court of Appeals and deny the motion to hold the case in abeyance as moot.

## BACKGROUND

In 2000, a jury convicted Hudson of first-degree murder and felony firearm and the Michigan trial court sentenced him to mandatory terms of two years in prison for the felony-firearm conviction and life imprisonment without parole for the first-

1

degree murder conviction. *See People v. Hudson*, No. 228030, 2002 WL 31941522, at *1 (Mich. Ct. App. Nov. 26, 2002). Hudson appealed his convictions, raising claims about his trial attorney, the prosecutor, the trial court's denial of a continuance, and several evidentiary matters. *Id.* But the Michigan Court of Appeals rejected Hudson's claims and affirmed his convictions. *Id.* at *8. Hudson then applied for leave to appeal in the Michigan Supreme Court, but the application was denied. *See People v. Hudson*, 668 N.W.2d 150 (Mich. 2003).

Next, in 2004, Hudson filed a habeas corpus petition and challenged his first-degree murder and felony-firearm convictions on four grounds: (1) Sixth Amendment ineffective assistance of counsel due to failure to conduct adequate pre-trial investigation, (2) Fourteenth Amendment due process violation due to prosecutor's misconduct regarding discovery and during closing argument, (3) Sixth Amendment right to confront the witnesses against him, and (4) that Hudson was entitled to an evidentiary hearing on the matters. *See Hudson v. Lafler*, No. 04-cv-74001 (E.D. Mich. Oct. 13, 2004), ECF 1, Pg ID 1–2. In 2006, the Honorable Paul D. Borman dismissed the petition on the merits. *Id.* at ECF 28, PgID 1642. Hudson did not appeal Judge Borman's decision.

Then, in 2015, Hudson returned to state court and filed a motion for relief from judgment. This motion was denied by the Michigan trial court in 2016 and Hudson's motion for reconsideration was denied in 2017. Hudson appealed the trial court's decision, but both the Michigan Court of Appeals and the Michigan Supreme Court

2

denied leave to appeal. *See People v. Hudson*, No. 341748 (Mich. Ct. App. July 3, 2018); *People v. Hudson*, 925 N.W.2d 825 (Mich. 2019).

Finally, in July 2020, Hudson filed the present habeas corpus petition through counsel. His stated grounds for relief are:

> I. He was denied due process and a fair trial by an improper restriction on defense cross-examination of witnesses;
>
> II. He was denied due process and a fair trial by the failure to produce witnesses, failure to give an appropriate jury instruction, and the trial court's ruling of due diligence;
>
> III. He was denied due process and a fair trial when the trial court refused to give the standard addict-informer instruction;
>
> IV. He was denied Due Process and a fair trial when the prosecutor's arguments shifted the burden of proof;
>
> V. He was denied due process and a fair trial when the prosecution promoted out of court statements into substantive evidence and misled the jury;
>
> VI. He was denied due process and a fair trial when the prosecutor's argument promoted self-interest and civic duty;
>
> VII. He was prejudiced by ineffective assistance of counsel on appeal; and
>
> VIII. Newly discovered evidence requires a new trial.

ECF 1, PgID 5–11; ECF 2, PgID 14–15.

Hudson filed a motion to hold his petition in abeyance so that he may exhaust state remedies for claims related to newly discovered evidence of an eyewitness who did not testify at Hudson's 2000 Michigan state trial. ECF 3. This witness allegedly would testify that Hudson was not present when the victim was shot and killed. *Id.*

3

at 83.[1] Hudson contends that, if the witness's allegations are true, he has suffered a grievous miscarriage of justice and the denial of due process, but that he must first develop the witness's allegations in state court. *Id*. Thus, he seeks a stay of this case while he exhausts state remedies for his new claim.

## DISCUSSION

The exhaustion-of-state-remedies doctrine requires state prisoners to give the state courts an opportunity to act on their claims before they are presented to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations for habeas petitioners. 28 U.S.C. § 2244(d)(1). Because of the conflict, the Supreme Court has approved a stay-and-abeyance procedure for a limited class of habeas petitions. *See Rhines v. Weber*, 544 U.S. 269 (2005). *Rhines* permits federal district courts to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id*. at 275–78. The stay-and-abeyance procedure normally is available only when (1) the petitioner had good cause for the failure to exhaust his state remedies first in state court, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner is not engaged in intentionally dilatory litigation tactics. *Id*. at 277–78. If the prisoner satisfies those conditions, the Court should stay the petition. *Id*. at 278.

---

[1] The factual basis for this claim is different from Hudson's eighth habeas claim, which states that trial "[w]itness Jimmie Blue has provided an affidavit regarding testimony of Janet Inge, that he observed that she was not in a position to see who did the killing." ECF 2, PgID 76.

4

Here, Hudson's claim about the newly discovered alibi witness is unexhausted. What is more, the present action is Hudson's second habeas corpus petition challenging his Michigan convictions for first-degree murder and felony firearm. And AEDPA "limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition" in federal court. *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017). AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *Id.* (citing 28 U.S.C. § 2244(b) and *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016)).

The Sixth Circuit has established that a habeas petition is a "second or successive" petition if it "amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement," *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019), and if the petitioner's initial § 2254 petition was dismissed on the merits, *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). A petition is *not* second or successive "where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" and "where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Hudson's first petition was dismissed on the merits, and his current petition is another attempt to invalidate the same state-court judgment authorizing his confinement. *See Hudson*, No. 04-cv-74001, ECF 28. The current petition contains eight grounds of relief, all of which could have been addressed in the first habeas

5

petition. The first seven grounds for relief were ripe when Hudson filed the initial habeas petition. And the eighth claim regarding the trial witness and a proposed new claim for an alibi witness who did not testify were also ripe because the factual predicate underlying those claims had already occurred when the initial petition was filed—even though Hudson may have been unaware of the facts. *See In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018). Thus, Hudson's habeas petition is a second or successive petition. *Id*.

Federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). And, under Sixth Circuit precedent "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *Askew v. Bradshaw*, 636 F. App'x 342, 345 n.1 (6th Cir. 2016) (quoting *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

A review of the Sixth Circuit's electronic dockets demonstrates that Hudson has not sought permission from the Sixth Circuit to file a second or successive petition, thus a transfer of this case to the Sixth Circuit is appropriate.

And although Hudson has requested a stay for his second or successive petition to pursue additional state remedies, granting the stay would be a waste of judicial resources if the Sixth Circuit ultimately concludes that the Court is not authorized to

6

review the current petition. Furthermore, if the Sixth Circuit "grants the authorization to file a second or successive application, the date of filing for limitations purposes would relate back to the initial, albeit improper, filing in the district court." *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999). The Court, therefore, will deny Hudson's motion for a stay and will transfer this case to the Sixth Circuit for a determination of whether it may adjudicate Hudson's claims.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47.

**IT IS FURTHER ORDERED** that Hudson's motion for a stay [3] is **DENIED** as moot.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager